UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CR-92 |
| ) | (PHILLIPS/GUYTON) |
| KEVIN MATTHEW FLANNERY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM & ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Joint Motion for More Specific Designation of Evidence [Doc. 35] filed by Defendants Kevin Matthew Flannery, Keith Michael Flannery, and Margaret Anne Flannery ("the Defendants") on December 14, 2009. The parties appeared before the undersigned for a hearing on the Defendants' Motion on May 18, 2010. Assistant United States Attorneys J. Edgar Schmutzer, Tracy L. Gostyla, and Rebecca A. Perlmutter were present on behalf of the Government. Attorney Michael T. Dawkins was present on behalf of Defendant Kevin Matthew Flannery. Attorney A. Philip Lomonaco was present on behalf of Defendant Keith Michael Flannery. Attorneys David M. Eldridge and Loretta G. Cravens were present on behalf of Defendant Margaret Anne Flannery. All three Defendants were also present.

The Defendants' Motion seeks an order from the Court requiring the Government to

-1-

specifically designate "those items of evidence which are intended for use by the Government as evidence in its case in chief at trial." [Doc. 35 at 1]. The Defendants represent that the Government has produced "voluminous discovery materials," [Doc. 36 at 1], totaling approximately "thirty-one banker's boxes containing thousands of pages of documents," [Doc. 35 at 2]. The Defendants further represent that the Government has not specifically identified the documents "which it intends to offer [] or refer to in connection with the testimony of any witness during its case-in-chief." [Doc. 35 at 2]. The Defendants contend that because of the large volume of discovery materials and the fact that this case is "complicated," the Government must designate the evidence it will use at trial "to satisfy the purposes of Rule 16(a)(1)(E) [, Fed. R. Crim P.,] and the principles of fundamental fairness identified by other courts in regulating the discovery process." [Doc. 36 at 2]. To support their contention, the Defendants rely upon five cases in which courts ordered the Government to specifically designate from among the general discovery those documents that would be used at trial.[1] [Doc. 36 at 2-4].

---

[1] The Defendants rely upon the following five cases: <u>United States v. Turkish</u>, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) (directing the Government to "identify to the defendants those documents which it intends to offer, or to use or refer to in connection with the testimony of any witness in its case-in-chief"); <u>United States v. Poindexter</u>, 727 F. Supp. 1470, 1484 (D.D.C. 1989) ("Within thirty days of the issuance of this Order, the government shall identify with greater specificity those among these thousands of documents in the financial, calendar, and diary areas that it intends to use at trial."); <u>United States v. Laughlin</u>, 768 F. Supp. 957, 967 (N.D.N.Y. 1991) (ordering the Government to "identif[y] for defendant's review those specific documents that it intends to use as evidence in chief at trial"); <u>United States v. Hill</u>, No. 3:92-CR-132, at *6 (E.D. Tenn. Feb. 3, 1993) (Memorandum & Order) (Murrian, J.) ("the Government shall identify with greater specificity those documents among the thousands of documents previously produced for inspection and copying in this case which it intends to offer, or to refer to, in connection with the testimony of any witness during its case-in-chief"); <u>United States v. Beard</u>, No. 1:04-CR-20, at *1 (M.D. Tenn. March 4, 2004) (Order) (Higgins, J.) ("the United States shall file and furnish the defendant's attorneys an exhibit list of the exhibits intended to be offered in the Government's case in chief").

In response, the Government contends simply that neither Fed. R. Crim. P. 16 nor any controlling caselaw requires it to specify the evidence it intends to use at trial. [Doc. 53 at 2]. The Government explains as follows:

> Although Rule 16(a)(1)(E) requires the Government to provide a defendant with broad discovery, it does not compel the Government to designate with specificity the exact evidence the Government intends to rely upon in its case-in-chief. Moreover, the [Court of Appeals for the] Sixth Circuit has observed that "[t]he discovery afforded by rule 16 is limited to the evidence referred to in its express provisions." United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988).

[Doc. 53 at 2-3].

The Government further contends that even if specifically designating the evidence to be used at trial may be appropriate in some cases, it is not appropriate in this case. The Government asserts that the five cases relied upon by the Defendants, see note 1 *supra*, are easily distinguished from this case. [Doc. 53 at 3] ("Defendants have cited various cases in which the courts required the Government to specify the evidence it intended to use at trial. However, these cases were all substantially more complex, and presumably, more document-intensive, than the case against Defendants."). The Government concludes that it "should not be required to specify the documents that it intends to utilize during the presentation of its case-in-chief." [Doc. 53 at 5].

The Court agrees with the Government and finds that an order requiring specific designation of evidence that will be presented at trial is not appropriate in this case. As a general matter, the Government is correct that Fed. R. Crim. P. 16(a)(1)(E) "does not compel [it] to designate with specificity the exact evidence [it] intends to rely upon in its case-in-chief." [Doc. 53 at 2]. Fed. R. Crim. P. 16(a)(1)(E) states the following:

> (E) Documents and Objects.

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

As pointed out by the Government, the Court of Appeals for the Sixth Circuit has expressly held that "[t]he discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." Presser, 844 F.2d at 1285. Accordingly, Rule 16 does not impose a general obligation on the Government to specifically designate the evidence it will use at trial. Nevertheless, the Defendants are correct that several courts around the country–including this Court and another within the Sixth Circuit–have ordered the Government in certain cases to designate the evidence it will present during its case-in-chief. For the following reasons, the Court finds that such an order is unwarranted in this case.

This case is distinct from each of the five cases discussed by the Defendants. The Court briefly sets out these distinctions to illustrate that the complexity of this case does not rise to the level at which ordering the specific designation of evidence might become appropriate.

In Turkish, the case involved approximately 25,000 documents and implicated "the entire crude oil market." 458 F. Supp. at 881. By contrast, this case involves only an unspecified "thousands of pages," [Doc. 35 at 2], and neither the Government nor the Defendants have indicated that the case has significant broader implications.

In Poindexter, the case concerned the concealment of the "Iran-Contra activities of the

National Security Council staff," and it involved the production of over 300,000 pages of documents. 727 F. Supp. at 1472-3. By contrast, this case does not concern sensitive national security issues, and the volume of discovery is less by orders of magnitude.

In Laughlin, the case involved a twenty-seven count indictment alleging the illegal storage and disposition of hazardous waste over an eight year period. 768 F. Supp. at 967. By contrast, this case involves only an eight count Superseding Indictment [Doc. 60], and the Court agrees with the Government that it is substantially less complicated than Laughlin. See [Doc. 53 at 4-5].

In Hill, the case involved a 71 count indictment charging 19 defendants, and the Government produced between 20,000 and 30,000 documents in discovery. No. 3:92-CR-132, at *1-2 (E.D. Tenn. Feb. 3, 1993) (Memorandum & Order) (Murrian, J.). By contrast, this case involves only unspecified "thousands of pages of documents," [Doc. 35 at 2], and an eight count Superseding Indictment charging just four defendants.

Finally, in Beard, Judge Higgins provided no explanation of his reasons for granting the defendant's "motion for a more specific designation of the evidence the Government intends to use in its case-in-chief." No. 1:04-CR-20, at *1 (M.D. Tenn. March 4, 2004) (Order) (Higgins, J.). Instead, Judge Higgins simply stated, "After due consideration of the motion papers, the motion is granted." Id. The Court therefore finds that Beard is not instructive with regard to the proper disposition of the instant motion in this case.

After reviewing the caselaw discussed by the Defendants, the Court is satisfied that ordering the Government to specifically designate the evidence it will use in its case-in-chief is not warranted. The five cases discussed by the Defendants are sufficiently distinct from this case that they are not persuasive. As explained above, the circumstances that made specific designation of evidence

appropriate in those cases are not present here.  Accordingly, the Defendants' Joint Motion for More Specific Designation of Evidence **[Doc. 35]** is **DENIED**.

    **IT IS SO ORDERED.**

                        ENTER:

                        s/ H. Bruce Guton
                   United States Magistrate Judge